ROSE SCHWARTZ, Respondent, *v.* MARCUS A. GREENBERG, Appellant.

First Department, May 15, 1925.

**Conversion — action to recover value of coat left with defendant for repair — coat was stolen without defendant's negligence — defendant is not liable — recovery cannot be had on pleadings on theory of breach of special contract to insure.**

A person who conducts a business of repairing fur coats cannot be held liable in conversion for the value of a coat left with him for repair, where it appears that the coat was stolen from the place of business without any negligence on his part.

In an action for conversion of a fur coat, the plaintiff will not be permitted to recover on the theory of a breach of a special contract to insure.

APPEAL by the defendant, Marcus A. Greenberg, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 8th day of May, 1924, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Second District, in favor of the plaintiff.

*Irwin Isaacs*, for the appellant.

*Daniel Adelman* [*Harry Gittleson* of counsel], for the respondent.

MARTIN, J.:

This action was brought to recover the sum of $500 alleged to be due because of the failure to return a fur coat left with defendant to be repaired. The case was tried without a jury in the Municipal Court on the 4th day of February, 1924. The indorsement of the cause of action on the summons reads: " Conversion of Personal Property."

The plaintiff, desiring to have a fur coat repaired, delivered it to defendant, who conducts a fur repairing establishment at No. 72 Lenox avenue, New York city, requested him to repair it, and agreed to pay eighty-five dollars therefor. The coat was delivered to defendant on the 15th day of December, 1923. The plaintiff says it was to be ready on the 8th day of January, 1924. The action was commenced on December 29, 1924.

On December 22, 1923, at about eight P. M., while the defendant was in his place of business at No. 72 Lenox avenue, New York city, several men entered and stole all the fur garments in the shop.

The defendant testified with reference to the burglary: " Q. Will you describe to his Honor what occurred on the 22nd day of December, in your place of business? A. My wife and child went out at 8 o'clock. Q. Then what occurred? A. She went out and as soon as she went out, some fellow came in with a gun and pushed me back, and right after that four more came in and pushed me back on the big table in the shop and held a gun over me, and two fellows or three fellows was inside and they cleaned out the whole business. Q. How much merchandise did they steal. A. $5,500. * * * Q. What did you do after the robbery? A. I notified the police. * * * Q. Do you know whether any of that merchandise was recovered? A. No, it was searched all over, but couldn't find it. I went with the officer."

Plaintiff admits the burglary occurred on December 22, 1923. No testimony was submitted to contradict or rebut defendant's testimony as to it, nor was the defendant cross-examined on this phase of the case. A police officer was called as a witness on behalf of the defendant, and his report as to the burglary was admitted in evidence without objection.

This action was commenced upon the theory that the tailor was liable in conversion. The loss not having occurred through any negligence, there can be no recovery. But plaintiff was apparently allowed to recover for breach of a special agreement to insure.

Plaintiff's witness Klinger testified that, when defendant was asked whether the coat would be safe and whether he carried insurance, defendant replied: " I carry it for robbery, for burglary

and for fires; I carry a big amount of insurance. He said if anything happens you will get paid full value of your coat. I said this coat it cost $600. He said all right, I would not be the loser, Klinger, I am insured. * * * Q. That is all you know about it? A. Yes."

The action is for conversion. It was not proved; and there is no basis in the record on which to allow a recovery for breach of a special agreement to insure.

The determination appealed from and the judgment of the Municipal Court should be reversed and the complaint dismissed, with costs to the appellant in all courts.

Clarke, P. J., Dowling, Finch and McAvoy, JJ., concur.

Determination appealed from and judgment of the Municipal Court reversed and the complaint dismissed, with costs to appellant in all courts.